UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA :
                                                       : **ORDER**
v. :
                                                      : 20 CR 350 (VB)
KYLE ELLISON, :
                           Defendant. :
--------------------------------------------------------------x

      By motion dated December 17, 2021, defendant Kyle Ellison seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims (i) to be at risk of severe complications from COVID-19 if he were to contract the disease, (ii) to have served most of his prison sentence, and (iii) that his conditions of confinement have been harsh during the pandemic. The government opposes the motion.

      For the reasons set forth below, the motion is DENIED.

      In November 2020, Ellison pleaded guilty to being a felon in possession of a loaded firearm. At the time of his arrest in May 2020, Ellison had multiple prior felony convictions, including federal convictions for being a felon in possession of a firearm and conspiracy to distribute more than 280 grams of crack cocaine, and was on federal supervised release. Because he had at least two prior convictions for felony drug offenses and an otherwise lengthy criminal record, his advisory sentencing range was 92 to 115 months' imprisonment.

      In April 2021, the Court imposed a sentence of 60 months' imprisonment, taking into consideration (among other things) not only the seriousness of the offense, but also the fact that Ellison had several health problems (including insulin-dependent diabetes, high blood pressure, an enlarged heart, and pancreatitis), and had been in custody for nearly a year during the pandemic, such that his conditions of confinement had been harsher than normal. Pursuant to 18 U.S.C. § 3553(a), the Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct.

      Ellison has been detained since May 15, 2020, which means he has served approximately 22 months of his 60-month jail sentence, or about one-third of the sentence imposed.

      The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

      Here, Ellison principally argues his underlying health conditions—including diabetes, obesity, hypertension, high cholesterol, pancreatitis, depression, and being a long-time smoker—put him at risk of severe complications from COVID-19. But, as documented in his prison medical records, Ellison has been fully vaccinated against the virus, which means that notwithstanding his underlying health conditions (for which he has received treatment while in

prison), his risk of severe complications from COVID-19 is substantially reduced. Thus, that risk is not an extraordinary and compelling reason warranting a reduction of sentence.

Moreover, the Court already took Ellison's health conditions, as well as the fact that he was in custody during the pandemic, into account in imposing a sentence that was substantially below the low end of the applicable Guidelines range.

In addition, there are currently only three active cases of COVID-19 among the approximately 2,800 inmates at FCI Fort Dix, where Ellison is housed, see BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited March 7, 2022), and a large majority of the inmates have been fully vaccinated, see BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited March 7, 2022). Thus, it appears FCI Fort Dix has done an adequate job of responding to the pandemic.

In short, no extraordinary and compelling reasons warrant an early release in this case.

As required by Section 3582(c)(1)(A), the Court has also considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of Ellison's offense—possession of a loaded firearm by a person with multiple prior felony convictions, including a prior conviction for the exact same offense—warranted a 60-month prison sentence at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct. The need to promote respect for the law, provide just punishment, and deter Ellison from future criminal conduct, weighs strongly against Ellison's early release, especially considering his lengthy criminal record and the fact that he has served only about one-third of the sentence imposed.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Kyle Ellison, Reg. No. 88432-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: March 7, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge